UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Patricia Liptak, individually and on behalf of all others similarly situated,<br>                                    Plaintiff,<br><br>               -v.-<br>Resurgent Capital Services L.P.,<br>and LVNV Funding, LLC,<br>                                    Defendant(s). | Civil Action No: 3:22-cv-1250<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Patricia Liptak brings this Complaint by and through her attorneys, against Defendants Resurgent Capital Services L.P. ("Resurgent") and LVNV Funding, LLC ("LVNV") (collectively "Defendants"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1.      The Fair Debt Collection Practices Act ("FDCPA") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* It concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer

protection laws were inadequate, *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 *et seq*.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this action for damages and declaratory and injunctive relief on behalf of a class of Connecticut consumers arising from the Defendant's violation(s) of section 1692 *et seq.* of Title 15 of the United States Code, also known as the FDCPA.

## PARTIES

6. Plaintiff is a resident of the State of Connecticut, County of New Haven.

7. Defendant Resurgent is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692a(6) and used in the FDCPA with a service address c/o Corporation Service Company, its registered agent, at Goodwin Square, 225 Asylum Street, 20th Floor, Hartford, Connecticut 06103.

8. Upon information and belief, Defendant Resurgent is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant LVNV is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692a(6) and used in the FDCPA with a service address c/o Corporation Service Company, its registered agent, at Goodwin Square, 225 Asylum Street, 20th Floor, Hartford, Connecticut 06103.

10. Upon information and belief, Defendant LVNV is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

    a. all individuals with addresses in the State of Connecticut;

    b. to whom Defendant Resurgent sent collection letters attempting to collect a consumer debt;

    c. on behalf of Defendant LVNV;

    d. that included materially misleading and contradictory language regarding the status of a consumers dispute as well as the method of communication a consumer must use in order to assert their dispute rights under 15 U.S.C. § 1692g;

    e. and/or which provides inconsistent amounts as to the balance of the alleged debt;

    f. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14. Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' letters violate 15 U.S.C. §§ l692e, 1692f and/or 1692g.

16. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' letters violate 15 USC §§ l692e, 1692f, and/or 1692g.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

  d. **<u>Adequacy:</u>** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

  e. **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## **<u>FACTUAL ALLEGATIONS</u>**

20. Plaintiff repeats the above allegations as if set forth here.

21. Some time prior to October 12, 2021, Plaintiff allegedly incurred a debt to Synchrony Bank ("Synchrony").

22. The Synchrony obligation arose out of a transaction in which money, property, insurance, or services, which are the subject of the transaction, are primarily for personal, family, or household purposes.

23. The alleged Synchrony obligation is a "debt" as defined by 15 U.S.C. § 1692(a)(5).

24. Synchrony is a "creditor" as defined by 15 U.S.C. § 1692(a)(4).

25. Upon information and belief, Synchrony sold or otherwise assigned the allegedly delinquent debt to Defendant LVNV. Therefore, Defendant LVNV is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6).

26. Since the alleged debt was in default at the time of purchase LVNV is a debt collector.

27. Upon information and belief, LVNV contracted with Resurgent to collect the alleged debt. Therefore, Defendant Resurgent is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6).

28. Defendant LVNV has policies and procedures in place that govern Defendant Resurgent's debt collection practices, specifically with regard to collecting the subject debt, thereby evidencing Defendant LVNV's control over Defendant Resurgent's collection practices.

29. By virtue of the relationship between the two Defendants, Defendant LVNV exercised control over Defendant Resurgent while the latter was engaged in collecting the subject debt on behalf of the former.

30. Therefore, Defendant LVNV should be held vicariously liable for any and all violations committed by Defendant Resurgent.

31.     Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family, or household purposes on behalf of creditors using the United States Postal Services, telephone, and internet.

### *Violation – October 12, 2021 Letters*

32.     On or about October 12, 2021, Defendant Resurgent, on behalf of Defendant LVNV, sent the Plaintiff letters (the "Letters") regarding the alleged debt owed. Copies of these Letters are attached as Exhibit A ("first Letter") and Exhibit B ("second Letter") respectively.

33.     At the top right corner of the first Letter, Defendant Resurgent advised:

Account Number: ************2995
Original Creditor: Synchrony Bank
Current Owner: LVNV Funding LLC
Reference ID: *****9275
Balance: $1,061.64
Accountholder Name: Patricia Liptak

34.     The first Letter states, "Resurgent Capital Services L.P. manages the above referenced account for LVNV Funding LLC and has initiated a review of the inquiry recently received either directly or from Credit Control LLC, the current servicer of this account."

35.     The Letter then states "[f]or further assistance, please contact one of our Customer Service Representatives toll-free at 1-866-464-1187."

36.     At the bottom of the first Letter, Defendant Resurgent advised:

Unless you notify us within 30 days after receiving this notice that your dispute the validity of this debt, or any portion of it, we will assume this debt is valid. If you notify us in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion of it, we will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of us in writing, within 30 days after receiving this notice, we will provide you with the name and address of the original creditor, if different from the current creditor.

37. The first letter concludes, "[t]his is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector."

38. On the same date, Defendant Resurgent sent Plaintiff a second Letter.

39. Once again, at the top right corner of the first page of the second Letter, Defendant Resurgent advised:

Account Number: ************2995
Original Creditor: Synchrony Bank
Current Owner: LVNV Funding LLC
Reference ID: *****9275
Balance: $1,061.64
Accountholder Name: Patricia Liptak

40. The Letter begins "[w]e have received a recent inquiry regarding the above-referenced account and have enclosed the account summary which provides verification of the debt."

41. At the bottom of the first page of the Second Letter, Defendant Resurgent again states "[t]his is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector."

42. Accordingly, the Letters sent by Defendant Resurgent, on the same date, are confusing and deceptive.

43. The first Letter states that Defendant has initiated a review of Plaintiff's account, but separately provides the "G-Notice" to Plaintiff advising her of her rights with regard to disputing the debt.

44. Accordingly, the first Letter initially leads Plaintiff to believe that her account is currently under review and that she does not need to dispute the debt, but the thirty-day dispute notice immediately below it suggests the opposite by stating that she has thirty days to dispute the debt with Defendant Resurgent.

45. However, the second Letter, which is also dated October 12, 2021 just as the first Letter, separately states that Plaintiff's validation rights have concluded pursuant to the provision of the alleged verification of the debt.

46. In addition, as the Letters were sent on the same date, it would appear that Defendants already allegedly validated the debt at the time the first Letter was prepared.

47. Accordingly, if Defendant already validated the debt, it was confusing and/or deceptive for Defendants to state "[u]nless you notify us within 30 days after receiving this notice that your dispute the validity of this debt, or any portion of it, we will assume this debt is valid."

48. This language, and the contradictory nature of the language between the two Letters, confused Plaintiff because Plaintiff did not want the debt to be assumed valid and, according to the language of the first Letter, Plaintiff was required to dispute the debt again.

49. The statements in the Letters are therefore deceptive, misleading, and likely to create uncertainty as to Plaintiff's rights and what additional actions Plaintiff must take regarding the debt and any dispute thereof, if any.

50. Alternatively, the Letters are deceptive and misleading because Plaintiff's § 1692g rights were not yet exercised as to Defendant Resurgent.

51. Accordingly, Defendant's correspondences are misleading and deceptive as the least sophisticated consumer would be unable to determine what her current rights are, and what, if anything, she must do to dispute the alleged debt, particularly as related to Defendant Resurgent.

52. Plaintiff was misled and made to be uncertain as to her rights due to this language because Plaintiff did not want the debt to be assumed valid and, according to the language of the Letter, was required to dispute the debt again.

53.     Based on the plain language of Defendant Resurgent's first Letter, it appears to Plaintiff that additional steps are necessary to dispute the debt pursuant to the G Notice appearing within the same.

54.     However, at the same time, Defendant Resurgent's correspondences also make it appear that there are no additional steps to be taken to dispute the debt.

55.     The statements in the Letters are therefore deceptive and misleading as to Plaintiff's rights and what additional actions Plaintiff must take, if any.

56.     Alternatively, the Letters are deceptive and misleading because Plaintiff's 1692g rights were not yet exercised.

57.     Pursuant to 15 U.S.C. § 169sg(a), a debt collector is required to include certain notice within an initial collection letter.

58.     Specifically, when a debt collector solicits payment from a consumer, it must, within five days of the initial communication send the consumer a written notice containing:

   (1) The amount of the debt;

   (2) The name of the creditor to whom the debt is owed;

   (3) A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

   (4) A statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

   (5) A statement that, upon receipt of the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

59. The FDCPA further provides that "if the consumer notifies the debt collector in writing within the thirty-day period … that the debt, or any portion thereof, is disputed … the debt collector shall cease collection … until the debt collector obtains verification of the debt … and a copy of such verification is mailed to the consumer by the debt collector. 15 U.S.C. § 1692g(b).

60. Here, even if she had disputed the debt previously, Plaintiff's § 1692g rights were not implicated until she had received the § 1692g notice, which was included for the first time in the first Letter from Defendant Resurgent, which again, was sent on the same date as the alleged verification of the debt.

61. Therefore, any prior inquiry, review, and validation existed separate and apart form Plaintiff's statutory rights as to Defendant Resurgent under § 1692g.

62. Despite Plaintiff's prior actions, she could exercise her new rights pursuant to § 1692g and dispute the debt within thirty days of the first Letter.

63. Yet, the second Letter, baring the exact same date, stated "[w]e have received a recent inquiry regarding the above-referenced account and have enclosed the account summary which provides verification of debt." Such language makes it appear (incorrectly) as if Plaintiff can no longer exercise her § 1692g rights.

64. Additionally, the suggestion that Plaintiff call to discuss for further assistance misled her by implying that a phone call is sufficient to discuss all facets of the account including disputing the debt, when in reality, in order to properly assert all her rights, Plaintiff must put the dispute in writing.

65. Additionally, as noted, the FDCPA further provides that "if the consumer notifies the debt collector in writing within the thirty-day period … that the debt, or any portion thereof, is

disputed … the debt collector shall cease collection … until the debt collector obtains verification of the debt … and a copy of such verification is mailed to the consumer by the debt collector. 15 U.S.C. § 1692g(b).

66. To that end, Defendants further violated the FDCPA by sending the Letters with conflicting messages as to Plaintiff's rights to dispute the debt, Defendants overshadowed Plaintiff's rights.

67. In addition to the foregoing FDCPA violation, Defendants further violated the FDCPA based on the alleged verification they provided regarding the debt at issue.

68. Specifically, the second Letter fails to actually verify the amount of the debt and instead is contradictory and misleading, particularly to the least sophisticated consumer.

69. To that end, the alleged verification is misleading and created uncertainty as to the actual balance allegedly due because the documentation enclosed with the second Letter provided varying statements as to the actual balance of the debt.

70. Within both Letters, Defendant Resurgent indicated an alleged balance due of $1,061.64.

71. However, that figure is not actually reflected within Defendants' alleged verification, but is rather specifically contradicted by the information contained therein.

72. Immediately after the second Letter, Defendants enclosed what appears to be the purported verification of the debt. Such alleged verification covers the next four pages, including a page titled "Account Summary Report."

73. The first three pages of the alleged verification are pages from an apparent statement (the "statement") sent to Plaintiff.

74. The first page of the statement includes a "pay slip" to be returned to Defendant that indicates a "Payment Due Date" of September 15, 2020.

75. The "pay slip" further indicates that there is a "New Balance" of $1,022.64.

76. Nowhere within the proofs submitted is there a statement adding any additional monies to the prior alleged balance of $1,022.64 and the figure of $1,061.64 does not appear in any of the documents beyond those prepared by Defendant in response to Plaintiff's inquiry.

77. To that end, the final page of the alleged verification is entitled "Account Summary Report."

78. Despite the last statement providing that the balance was $1,022.64, the "Account Summary Report" indicates that the "Current Balance Due" is $1,061.64.

79. Under the "Historical Account Information" section, the alleged verification indicates that the account was charged off on September 20, 2020 in the amount of $1,061.64.

80. The same provides an acquisition date of October 28, 2020 at which time the balance was again purported to be $1,061.64.

81. The alleged verification wholly fails to actually advise that any additional sum was actually added to the last stated balance of $1,022.64.

82. Therefore, rather than verify the alleged debt, the documentation provided by Defendants actually reveals that a lack of evidence supporting the stated balance of $1,061.64.

83. Accordingly, rather than meeting its obligation to verify a disputed debt, Defendants only created questions as to the actual balance and the legitimacy of Defendants' debt collection practices as a whole.

84. Based on the inability to verify the full amount of the debt, Defendants should have ceased collection activities, at a minimum, until the deficiencies in the proofs could be addressed and the total amount due properly verified.

85. Due to Defendants' deceptive practices, Plaintiff was misled as to the amount due and owing.

86. Defendants' conduct misled Plaintiff and made her uncertain as to the amount of the debt, and if over time, the debt would change, particularly since the amount alleged to be due in Defendant Resurgent's Letters varies from the amount allegedly due within the verification without proper documentary explanation to explain the change.

87. Instead, the amount alleged under the balance is not actually reflected within any of the alleged proofs attached to the second Letter.

88. Ultimately, there is no way for the least sophisticated consumer to review Defendant Resurgent's correspondence and alleged verification and actually confirm that the balance sought is due and proper.

89. Therefore, Defendants violated the FDCPA by misstating the balance allegedly due and continuing to attempt to collect on the debt despite knowing, or having sufficient information to where they should have known, that at least a portion of the alleged balance was not properly accounted for within the documentation it had to allegedly verify the debt.

90. All of the violations by Defendants described above were knowing, willful, negligent, and/or intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

91. Defendants' collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides

Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action regarding the collection of any consumer debt.

92. Defendants' deceptive, misleading, and unfair representations with respect to their collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendants' collection efforts because Plaintiff could not adequately respond to Defendants' demand for payment of this debt.

93. A consumer, such as Plaintiff, cannot pay an alleged debt, trusting the debt collector's statements, such as Defendants, when it appears that the information provided within the debt collector's correspondence is incorrect or otherwise misleading to the consumer.

94. Defendants' actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendants' debt collection.

95. That risk would materialize as Plaintiff was mislead as to her rights and the amount due, leading to uncertainty as to what Plaintiff's next step should be, resulting in Plaintiff being paralyzed with confusion.

96. Plaintiff's failure to pay the debt arose from the deceptive and/or misleading Letters and the alleged verification attached thereto because Plaintiff believed it was an attempt to collect inaccurate monies.

97. Because of Defendants' actions, the funds Plaintiff could have used to pay all, or part of, the alleged debt were spent elsewhere.

98. Additionally, because of Defendants' violations of the FDCPA, Plaintiff expended time and money in order to determine the proper course of action.

99. In reliance on the Letter and alleged verification of the debt, Plaintiff expended time and money in an effort to mitigate the risk of future harm in the form of dominion and control over her funds.

100. In reliance on the Letter, and the resulting inaction/non-payment, caused the Defendants' furnishment, and ultimately dissemination, of negative credit reporting to the Plaintiff's financial and reputational detriment.

101. In addition, Plaintiff suffered emotional and physical harm because of Defendants' improper acts, including, but not limited to, fear, anxiety, stress, increased heartrate, and difficulty with sleep.

102. Plaintiff suffered further harm in that Defendants' Letters prevented her from fully and properly exercising her rights in relation to the debt.

103. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

104. As it relates to this case, Congress identified concrete and particularized harms with close common-law analogues to the traditional torts of fraud, negligent misrepresentation, negligent infliction of emotional distress, and conversion.

105. As a result of Defendants' deceptive, misleading, and false debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

106. Plaintiff repeats the above allegations as if set forth here.

107. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

108. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

109. Defendants violated § 1692e by:

   a. using false representations and/or deceptive means to collect the alleged debt in violation of 15 U.S.C. § 1692e;

   b. making a false and misleading representation in violation of § 1692e(10); and

   c. falsely misrepresenting the character, amount, or legal status of a debt in violation of 15 U.S.C. § 1692e(2)(A).

110. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692f *et seq.*

111. Plaintiff repeats the above allegations as if set forth here.

112. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

113. Pursuant to 15 U.S.C. § 1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

114. Defendants violated this section by unfairly attempting to collect the alleged debt including:

   a. unfairly and contradictorily advising Plaintiff of the total balance being sought;

   b. separately sending documentation with a different balance to the Plaintiff on the same day; and

      c. unfairly and contradictorily advising Plaintiff of her rights to dispute the debt.

115. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**COUNT III**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692g *et seq.***

116. Plaintiff repeats the above allegations as if set forth here.

117. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

118. Pursuant to 15 USC §1692g:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
>
> 1. The amount of the debt;
>
> 2. The name of the creditor to whom the debt is owed;
>
> 3. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;
>
> 4. A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy

        of such verification or judgment will be mailed to the consumer by the debt collector; and

5. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

119. Defendants violated 15 U.S.C. § 1692g by:

    a. overshadowing the required notices; and

    b. by sending Plaintiff contradictory information as to the true balance of the debt as part of an alleged verification.

120. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

121. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Patricia Liptak, individually and on behalf of all others similarly situated, demands judgment from Defendants Resurgent and LVNV as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Yaakov Saks, Esq., as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4.  Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.  Awarding pre-judgment interest and post-judgment interest; and

6.  Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  October 7, 2022

Respectfully Submitted,

*/s/Yaakov Saks*
Yaakov Saks, Esq.
**Stein Saks, PLLC**
One University Plaza, Suite 620
Hackensack, NJ 07601
Tel. 201-282-6500
Fax 201-282-6501
ysaks@steinsakslegal.com
*Attorneys for Plaintiff*